JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6347 PA (GJSx) | Date | August 29, 2016 |
|---|---|---|---|
| Title | Maryam Pirian v. Paul H. Noe, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Paul H. Noe ("Defendant") on August 24, 2016. In her complaint, plaintiff Maryam Pirian ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendant erroneously contends that the Court has subject matter jurisdiction over this action because it "relates to" a separate federal lawsuit, Case No. CV-16-6316 RSWL-FFM, filed by Defendant

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6347 PA (GJSx) | Date | August 29, 2016 |
|---|---|---|---|
| Title | Maryam Pirian v. Paul H. Noe, et al. | | |

after being served in the unlawful detainer action.  However, even if the claims in Defendant's federal action were instead filed as compulsory counterclaims in the unlawful detainer action, that would be insufficient to create federal jurisdiction.  See Vaden v. Discover Bank, 556 U.S. 49, 60-61, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").  The argument for federal jurisdiction is even weaker where a federal claim is asserted not in a counterclaim, but in a wholly separate federal action.  See id. ("[I]t would undermine the clarity and simplicity of [the well-pleaded complaint rule] if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case 'arises under' federal law.").  Nor does the text of the removal statute provide a basis for exercising jurisdiction in such circumstances.  See Residential Funding Real Estate Holdings, LLC v. Chavez, No. CV 10-04488 MMM (JCGx), 2010 WL 3220065, at *3 (C.D. Cal. Aug. 12, 2010) ("The court cannot exercise supplemental jurisdiction over a state law claim based on claims in a completely separate federal action."); Chase v. Auerbach, No. CIV. A. 94-5892, 1994 WL 590588, at *2 (E.D. Pa. Oct. 26, 1994) ("The removal statute provides that a state court action over which the district court has 'original jurisdiction' may be removed; it does *not* say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed.").  The Court therefore concludes that this action was improperly removed.

      For the foregoing reasons, Defendant has failed to meet his burden of showing that federal subject matter jurisdiction exists over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to Los Angeles County Superior Court, Case No. 16U05827.  See 28 U.S.C. § 1447(c).  Defendant's Request to Proceed In Forma Pauperis (Docket No. 3) is denied as moot.

      IT IS SO ORDERED.